This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JUDY A. SPICKNAL**,

Worker-Appellant,

v.                                                                      **NO. 30,815**

**RAPID TEMPS, INC., and**
**COMMERCE and INDUSTRY**
**INSURANCE COMPANY,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Butt Thornton & Baehr PC
David N. Whitham
Sean E. Garrett
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VIGIL, Judge.**

Appellant, Judy Spicknall (Worker) appeals the decision of the Workers' Compensation Judge (WCJ) denying her claim for benefits. Worker requested that the WCJ admit the opinion testimony at trial of physicians other than the physician she had selected under the Workers' Compensation Act (the Act). Because Worker failed to take the steps necessary to designate the other physicians as authorized healthcare providers pursuant to the Act, the WCJ denied the request and refused to admit the other physicians' opinion testimony into evidence. *See* NMSA 1978, Section 52-1-28(B) (1987) (stating that when an employer denies causation, a worker must introduce expert testimony of authorized healthcare provider stating that the injury is work-related). Because no admissible evidence linked Worker's injury to her employment, the WCJ denied Worker's claim for disability benefits. Finding no error in the decision of the WCJ, we affirm.

As an additional matter, we note that Worker's brief-in-chief contains numerous factual allegations unsupported by citations to the record. We remind counsel that citation is required for factual allegations. Rule 12-213(A)(3) NMRA.

**BACKGROUND**

In 2004, Worker was a traveling ultrasound technician, assigned to a hospital in South Carolina. Her work required that she push a 300-pound machine along

carpeted corridors. That task was made more difficult by her diminutive stature—Worker is 4 feet 10 inches tall, and weighed 95-100 pounds at the time of trial. Worker's duties also required that she lift heavy patients and assume difficult postural positions. Worker repeatedly complained to Employer about back and leg pain during approximately the summer of 2004, but continued in her employment.

During a break from work in January 2005, Worker was mopping the floor in the trailer where she was staying with her husband in Florida. When she moved a 12-pack of soda, she heard a pop in her lower back, and felt severe pain radiating into her right leg. Worker was incapacitated for a few days following the event, but regained some freedom of movement on her own. Worker sought treatment for her injuries from Michael Badanek, D.C. Dr. Badanek referred Worker to a surgeon, Dr. Mark Oliver, who recommended that Worker undergo surgery.

When Dr. Oliver recommended a three-level lumbar laminectomy, Worker sought out a second opinion from another Florida physician, Kenneth Botwin, M.D. Worker does not dispute that she failed to request leave from the Workers' Compensation Administration to seek a second opinion, or apply to have Dr. Botwin designated an authorized treatment provider under NMSA 1978, Section 52-1-49

(1990). Worker began treating with Dr. Botwin on March 3, 2005, then underwent surgery with Dr. Oliver on March 22, 2005.

Employer denied that Worker's injury was work-related. Prior to surgery, Employer's insurer had advised Worker that she would need Dr. Oliver to provide an opinion stating that her injury was work-related, as a precondition for receiving benefits. On February 25, 2005, Dr. Oliver's office responded to Worker's request for the opinion by stating that "Dr. Oliver cannot comment on this." Nonetheless, knowing nearly a month before her procedure was scheduled that Dr. Oliver was unwilling to provide her with his opinion on causation, Worker proceeded with the surgery.

Approximately two weeks after her surgery, Worker was admitted to a Florida hospital with a postoperative infection, for which Dr. Oliver denied responsibility. Worker states that, as a result of this denial, she "completely lost trust and confidence" in Dr. Oliver, and after Dr. Oliver referred her to a pain-management specialist who prescribed medications incompatible with each other, she terminated the physician-patient relationship with Dr. Oliver. In April 2009, Worker underwent a second surgery, this time with Steven Bailey, M.D., a neurosurgeon.

4

Worker obtained causation opinions both before her first surgery (from Dr. Botwin's practice) and afterward (from Dr. Bailey), stating that her injury was work-related. Worker also demanded an independent medical examination (IME), and presented the IME panel with Dr. Botwin's opinion testimony. The IME panel considered the testimony, but concluded that Worker's injury was not work-related. The WCJ denied Worker's request to admit the opinion testimony of Doctors Botwin and Bailey into evidence independently, under Section 52-1-28. Because no admissible evidence corroborated Worker's claim that her injury was work-related, the WCJ denied Worker's claim for benefits.

**DISCUSSION**

**Standard of Review**

We generally apply an abuse of discretion standard to the admission or exclusion of evidence, but where the application of an evidentiary rule involves an exercise of discretion or judgment, we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling. *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. We also apply a de novo standard of review to a WCJ's interpretation of statutory requirements. *Id.* ¶ 14. We look first to the statute's plain meaning, and we construe the provisions of the Act

together to produce a harmonious whole. *Id.* We then review the whole record to determine whether the WCJ's findings and award are supported by substantial evidence. *Id.*

**The WCJ Properly Ruled the Physicians' Opinion Testimony Inadmissible**

Worker attempted to introduce at trial the opinion testimony of Dr. Botwin and his associates, and of Dr. Bailey. As is noted above, the WCJ declined to recognize the physicians as authorized healthcare providers, and thus refused to admit their testimony into evidence. In denying Worker's request to admit the physicians' opinion testimony, the WCJ relied on NMSA 1978 Section 52-1-51(C) (1990) (amended 2005), which provides that:

> Only a [healthcare] provider who has treated the worker pursuant to Section 52-1-49 NMSA 1978 or the [healthcare] provider providing the independent medical examination pursuant to this section may offer testimony at any workers' compensation hearing concerning the particular injury in question.

It was undisputed that Dr. Oliver was Worker's only authorized healthcare provider pursuant to the procedures set forth in Section 52-1-49. Accordingly, the WCJ correctly found that only Dr. Oliver and the IME panel were authorized to render opinion testimony in this case.

6

Worker raises three interrelated arguments why Doctors Botwin and Bailey should be deemed, or equated to, authorized healthcare providers under the Act. First, Worker argues that the WCJ's refusal to admit the causation opinion testimony of Doctors Botwin and Bailey violated her rights to equal protection and due process of law. Worker next argues that it was reasonable for her to seek a second opinion. Finally, Worker argues that she should be allowed to designate another healthcare provider because Dr. Oliver's treatment was not reasonable. We reject each of these arguments.

The denial of benefits to Worker was not a denial of equal protection and due process. Rather, the denial was due to Worker's failure to avail herself of the process the Act does provide. Similarly, Worker argues that Dr. Botwin and his practice "became an authorized treating physician because it was reasonable for [Worker] to obtain a second opinion." Again, the Act provides a procedure by which a physician may become an authorized treating physician. Section 52-1-49. Worker simply failed to avail herself of that procedure.

Worker asks, when Dr. Oliver refused to state an opinion that her injury was work-related, "what else could [Worker] do except to seek an opinion from another physician?" As is noted above, Dr. Oliver refused to provide his opinion on causation

7

nearly a month before surgery. Worker had the opportunity to seek the WCJ's approval of Dr. Botwin as an authorized healthcare provider under the Act, to select another surgeon who would opine on causation, or both. Worker's failure to take those steps in no way constitutes a violation of her legal rights. It may well have been reasonable for Worker to seek a second opinion, and/or replace Dr. Oliver as her authorized healthcare provider. But the Act provides a method for doing so, and Worker failed to comply with that method.

Finally, Worker argues that she failed to follow New Mexico workers' compensation procedures because Employer's insurer misled her to believe that her claim was governed under the law of Montana, the state of her residence. Worker points out that Employer contested jurisdiction in New Mexico, and the WCJ's initial recommended resolution found that New Mexico law should not apply. But Worker raises this argument for the first time in her reply brief, with no citation to the record indicating that it was raised below. On appeal, an appellant must specifically point out where, in the record, he or she invoked a ruling on a given issue below. Absent that showing, we will not consider the issue. *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. We will not ordinarily consider an argument raised for the first time in an appellant's reply brief,

8

unless it is directed to new arguments or authorities presented in the appellee's answer brief. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65. Because Worker failed to show where she invoked the ruling of the WCJ on the issue of misdirection by Employer's insurer, and because the argument does not arise from new arguments or authorities in Employer's answer brief, we decline to consider it.

**CONCLUSION**

Because no admissible testimony corroborated Worker's claim that her injury arose from her employment, we affirm the Workers' Compensation Judge's order denying Worker disability benefits.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**